# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-01-CR-190 JRN |
| | § | |
| CHRISTOPHER ALEXANDER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on October 30, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On May 8, 2002, the Defendant was sentenced by Judge Nowlin to 100 months of imprisonment (later reduced to 79 months), and five years of supervised release for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition by a user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The sentences on each count were ordered to run concurrently. The Defendant's supervision commenced on March 3, 2008.

Within a week of his release (on March 10, 2008), the Defendant tested positive for the use of marijuana, and was therefore referred to outpatient drug treatment. On July 8, 2008, the Defendant's conditions were again modified, this time to require that he reside at a halfway house, in response to an arrest for simple assault, and for associating with a convicted felon. The Defendant successfully completed 180 days of residence at the halfway house, and left there on January 10, 2009. On March 29, 2009, the Defendant was involved in a disturbance at a strip club, where he was apparently sprayed with pepper spray when he was attempting to break up a fight among friends. The EMTs who responded reported that the Defendant was so intoxicated that they had difficulty communicating with him. The Defendant failed to notify his probation officer of his involvement with law enforcement within 72 hours of this event, and explained to his officer that he did not realize that he needed to report incidents that did not result in arrests. On May 4, 2009, the Court modified the Defendant's conditions to require alcohol abstinence and participation in AA as a result of the March incident.

On July 4, 2009, the Defendant was riding in a car with four others and the car was stopped by APD officers. It turned out that the officers were looking for a different vehicle. Again, the Defendant did not report his involvement with law enforcement officers within 72 hours, and did not discuss it with his probation officer until the officer raised it at a visit on July 29, 2009. Further, three of the occupants of the car were convicted felons. Finally, on October 4, 2009, the Defendant was arrested by APD officers and charged with driving while intoxicated. When officers determined that the Defendant had two prior convictions for DWI, they informed the Defendant that a blood sample was mandatory. The Defendant did not cooperate with the blood draw, and caused a large disturbance at the hospital, including cursing at law enforcement officers and medical personnel.

Ultimately, the blood sample drawn from the Defendant showed a blood alcohol level of .17, more than twice the presumptive limit for intoxication.

Based on these facts, on October 13, 2009, the Probation Office submitted its petition alleging the Defendant had violated the conditions of his supervision, and a warrant was issued by Judge Pitman on October 19, 2009. The Defendant was arrested on that warrant on October 26, 2009.

On October 30, 2009, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to two of the charges against him, and "not true" to the charge of associating with a convicted felon.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) associating with a convicted felon; (2) failing to notify the probation office of his contact with law enforcement within 72 hours; and (3) failing to abstain from the consumption of alcohol.

## III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release terms on both Count 2 and Count 3 be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. Having considered all of the above, and taking into account the fact that, other than the many problems the Defendant has had as a result of his obvious problem with alcohol, the Defendant has otherwise been complying with the terms of his supervised release, the undersigned

RECOMMENDS that the Defendant be sentenced to six months of imprisonment on each count, to run concurrently, with no supervised release to follow. The Court further RECOMMENDS that the remaining unpaid fine amount ($1,400) be reimposed against the Defendant.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE